

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00539-CV

**IN THE INTEREST OF O.L.P.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01347
Honorable Laura Salinas, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: February 16, 2022

DISMISSED FOR WANT OF JURISDICTION

On September 29, 2020, the trial court signed a judgment terminating appellant's parental rights to O.L.P. Therefore, appellant's notice of appeal was due to be filed on October 19, 2020. *See* TEX. R. APP. P. 28.4(a)(1) (stating appeals in parental termination cases are governed by the rules of appellate procedure for accelerated appeals); 26.1(b) (stating in an accelerated appeal the notice of appeal must be filed within twenty days after the judgment is signed). A motion for extension of time to file a notice of appeal was due on November 3, 2020. *See id.* 26.3. Appellant did not file her notice of appeal until December 9, 2021.

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (per curiam) (mem. op). A motion for extension of time is necessarily implied when an appellant,

acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

On December 30, 2021, this court issued an order directing appellant to show cause in writing on or before January 12, 2022, why this appeal should not be dismissed for want of jurisdiction. We suspended all appellate deadlines pending our determination of whether we have jurisdiction over this appeal. On January 6, 2022, appellant filed a motion requesting a sixty-day extension of time in which to file her appellant's brief. Appellant has not responded to our December 30 show cause order. Because appellant's notice of appeal was not timely filed, we are required to dismiss this appeal for want of jurisdiction.

Accordingly, we dismiss this appeal for want of jurisdiction. We deny appellant's motion for extension of time to file her brief as moot.

PER CURIAM